JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-2704 JGB (SPx) | Date | July 10, 2025 |
| Title | *The Estate of Thomas Lee Howard v. AAA Life Insurance Company et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiffs' Motion to Remand (Dkt. Nos. 28, 29); (2) GRANTING Defendant's Motion to Dismiss (Dkt. No. 5); (3) DENYING Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. Nos. 49, 50); and (2) VACATING the July 14, 2025 Hearing (IN CHAMBERS)**

Before the Court is a motion to remand ("MTR," Dkt. Nos. 28, 29) filed by plaintiffs the Estate of Thomas Lee Howard, by and through the independent administrator, Gina Fields (the "Texas Estate") and Gina Fields ("Fields") (collectively, "Plaintiffs"); a motion to dismiss ("MTD," Dkt. No. 5) filed by defendant AAA Life Insurance Company ("AAA"); and a motion for leave to file a second amended complaint ("Motion to Amend," Dkt. Nos. 49, 50) filed by Plaintiffs.  The Court finds these matters appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the motions, the Court **DENIES** the MTR, **GRANTS** the MTD and **DENIES** the Motion to Amend.  The July 14, 2025 hearing is **VACATED**.

## I.   BACKGROUND

On October 3, 2024, Plaintiffs, proceeding pro se, filed a complaint in the Superior Court of the State of California, San Bernardino County.  ("Complaint," Dkt. No. 1-1.)  On November 20, 2024, Plaintiffs filed a first amended complaint against defendants AAA, Genene N. Dunn ("Dunn") (collectively, "Defendants"), and Does 1-30.  ("FAC," Dkt. No. 1-2.)  The FAC alleges three causes of action related to Certificate No. 4044169813 issued to Thomas Lee Howard under Group Term Life Insurance Policy No. GT8200 (the "Policy"): (1) Bad faith—

failure to properly investigate claim; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. (FAC.) On December 23, 2024, Defendant AAA removed the action to this Court pursuant to diversity jurisdiction. ("NOR," Dkt. No. 1.)

On December 30, 2024, AAA filed a motion to dismiss the FAC. (MTD.) On January 21, 2025, Plaintiffs filed an opposition to AAA's MTD. ("MTD Opp.," Dkt. No. 27.) On the same date, Plaintiffs filed a motion to remand the action. (MTR.) On February 14, 2025, AAA filed an opposition to Plaintiffs' MTR. ("MTR Opp.," Dkt. No. 40.) On February 20, 2025, Plaintiffs replied. ("MTR Reply," Dkt. No. 43.) On March 21, 2025, AAA filed a reply in support of the MTD. ("MTD Reply, Dkt. No. 54.)

On March 18, 2025, Plaintiffs filed a motion for leave to file a second amended complaint. (Motion to Amend.) On April 14, 2025, AAA filed an opposition. ("Amend Opp.," Dkt. No. 58.) On June 30, 2025, Plaintiffs filed a reply. ("Amend Reply," Dkt. No. 65.)

## II. FACTUAL ALLEGATIONS

AAA issued Group Term Life Insurance Policy No. GT8200 (the "Policy") under which Thomas Lee Howard (the "Insured") was insured under Certificate No. 4044169813 (the "Certificate"), issued effective August 4, 2020 with a death benefit of $300,000.00 (the "Death Benefit"). (FAC ¶¶ 5, 8.) The Insured did not designate a beneficiary. (Id. ¶ 7.) On September 11, 2021, the Insured died in Apple Valley, California. (Id. ¶ 10.) Because there was no designated beneficiary of the Certificate at the time of the Insured's death, the death benefit was payable to the Estate of Thomas Lee Howard. (Id. at ¶ 13; the "Certificate," FAC Ex. 1 at 15-32, 23.)

On August 4, 2022, the Superior Court of San Bernardino County (case No. PROSB2200948) issued an order appointing Mericole Howard, the daughter of the Insured, as Administrator of the Estate of Thomas Lee Howard (the "California Estate") and authorizing independent administration of the California Estate with full authority. ("August 4, 2022 Order," Dkt. No. 5-2.)[1] On September 15, 2022, Letters of Administration were executed. (Dkt. No. 5-3.) Defendant Dunn represented Mericole Howard in these proceedings. (FAC ¶ 29.)

On October 5, 2022, AAA paid the Certificate's Death Benefit, with accrued interest, to the California Estate, in accordance with the August 4, 2022 Order and the Letters of Administration. ("Receipt on Distribution," FAC Ex. 11 at 63.)

---

[1] The Court assumes the facts alleged in Plaintiff's FAC to be true for purposes of the MTD, except to the extent they are controverted by legal documents attached as exhibits to the FAC and MTD, matters of which the Court may take judicial notice. See Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1115 (9th Cir. 2014) ("Although we normally treat all of a plaintiff's factual allegations in a complaint as true, we 'need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001))).

On December 5, 2022, the Galveston County, Texas Probate Court issued an order finding an informal marriage between Thomas Lee Howard and Fields that was in effect at the time of Thomas Lee Howard's death. (FAC Ex. 4 at 40.) On September 25, 2023, Plaintiff Fields obtained an order appointing her as the Administrator of a second Estate of Thomas Lee Howard, entered by the Galveston County, Texas Probate Court in Cause No. PR-0082106 (the "Texas Estate"). (FAC ¶ 22; Ex. 6 at 46-49.)

On November 20, 2024, Fields filed the FAC in both her individual capacity as the wife of Thomas Lee Howard and as Independent Administrator of the Texas Estate, alleging that she has been damaged by AAA's payment of the Death Benefit to the California Estate. (FAC ¶¶ 20, 27.)

### III.  LEGAL STANDARD

**A.  Remand**

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

"Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). A person is a "citizen" of the state in which she is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant." Nasrawi v. Buck Consultants, LLC, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson, 319 F.3d at 1090.

B. **Motion to Dismiss**

1. **Rule 12 (b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." Espino v. Regents of the Univ. of California, 666 F. Supp. 3d 1065, 1078 (C.D. Cal. 2023) (citing Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit. . . . In that event, the suit should be dismissed under Rule 12(b)(1)." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) (citations omitted); see also White, 227 F.3d at 1242 ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6).").

2. **Rule 12(b)(6)**

A party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199–200 (9th Cir. 2003). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (citation omitted). Courts also need not accept as true allegations that contradict facts which may be judicially noticed. See Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### 3. Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). A "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation marks and citation omitted).

## IV.   DISCUSSION

### A. Motion to Remand

Plaintiffs move to remand the action, arguing that (1) the action was improperly removed without the consent of all Defendants, and (2) this Court lacks jurisdiction over probate matters. (See MTR.)

### 1. Genene Dunn

Plaintiffs argue that this Court should remand the action because Defendant Dunn did not join in the removal process. (MTR at 3-4.) AAA argues that Dunn was fraudulently joined and her consent is not required. (MTR Opp. at 5; NOR at ¶¶ 11-18.)

"Although the usual rule is that all defendants in an action in a state court must join in a petition for removal . . . the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties[.]" United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762

(9th Cir. 2002). If a plaintiff fails to state a cause of action against a California defendant, "and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." Id. at 761; see also McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (where plaintiff clearly fails to state a cause of action against a resident defendant, the joinder of the resident defendant is a sham and its presence does not destroy diversity jurisdiction).

The Court finds that none of Plaintiffs' three claims—bad faith, breach of contract, and breach of implied covenant of good faith and fair dealing—can be maintained against Dunn. Plaintiffs fail to allege any contractual relationship with Dunn. (See FAC ¶¶ 40–48.) Indeed, the contract at issue in Plaintiffs' FAC is a life insurance policy between AAA Life and Thomas Lee Howard. (Id. ¶¶ 5–9). Because Dunn is not a party to the policy, Plaintiffs cannot establish a breach of contract claim against Dunn. See United Computer Sys., Inc., 298 F.3d at 761 (holding that a non-diverse defendant who was "not a party to any relevant contract on which plaintiff could predicate a claim against her" was fraudulently joined) (internal quotations omitted); Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1427 (9th Cir. 1989) (affirming the district court's determination that defendants who were not parties to the agreements at issue were improperly joined). For the same reasons, Plaintiffs cannot maintain an implied covenant or bad faith claim against Dunn. See Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990) ("The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the *existence of a contractual relationship between the parties*, since the covenant is an implied term in the contract.") (emphasis added).

The only allegations related to Dunn in the FAC are that she "assisted her client in fraud" and "filed fraudulent documents in the San Bernardino County Probate Court with the intent to deceive the court." (FAC ¶¶ 56–57.) To the extent Plaintiffs attempt to assert a fraud claim against Dunn, the FAC fails to do so. "The elements of fraud are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with intent to induce another's reliance on the misrepresentation, (4) actual and justifiable reliance, and (5) resulting damage." Banc of California, NA v. McDonnell, 2018 WL 8693922, at *3 (C.D. Cal. Nov. 9, 2018). Plaintiffs fail to allege what, if any, misrepresentation Dunn allegedly made to Plaintiffs or specify how Plaintiffs relied on any such misrepresentation to their detriment. Importantly, Plaintiffs instead allege that Dunn defrauded the San Bernardino County Probate Court, not Plaintiffs—a claim that Plaintiffs would have no standing to bring. (FAC ¶ 57.)

Because Plaintiffs could not possibly prevail on their claims against Dunn, the Court finds she was fraudulently joined. Accordingly, Dunn was not required to join the petition for removal under 28 U.S.C. § 1446(b)(2).

### 2. Probate Jurisdiction

Plaintiffs argue that this Court lacks jurisdiction over the action under the probate exception, which reserves the probate of wills and administration of estates to state probate courts. (MTR at 5 (citing Markham v. Allen, 326 U.S. 490, 492 (1946).) The probate exception

is inapplicable here. While there is a pending probate proceeding in the Probate Division of the San Bernardino Superior Court ("Probate Case," Case No. PROSB2200948), the Probate Case was not removed to this Court, nor does it involve Defendant AAA. The instant action against AAA was separately filed in the Civil Division of the San Bernardino Superior Court (Case No. CIVSB2430169) and involves distinct claims that do not depend on the outcome of the Probate Case. A district court has "jurisdiction to entertain suits 'in favor of creditors, legatees and heris' [sic] and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 326 U.S. 490, 494 (1946). Accordingly, the MTR is denied on this basis.

### 3. Diversity Jurisdiction

The Court finds that AAA has met its burden to prove by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000.

The FAC alleges that Fields is a citizen of Galveston County, Texas.[2] (FAC ¶ 1.) The Texas Estate of Thomas Lee Howard was established and is a citizen of Galveston County, Texas. (Id. ¶ 2.) Defendant AAA Life Insurance Company is a citizen of Michigan based both on its state of incorporation and its principal place of business. (Id. ¶ 3.) As explained above, the Court will disregard Dunn because she was fraudulently joined. Accordingly, the Court finds complete diversity of citizenship because every plaintiff is a citizen of a different state than every Defendant.

Furthermore, Plaintiffs allege they suffered "contractual damages amounting to the Principal Sum of $300,000" due to AAA's alleged breach. (FAC ¶ 48.) Accordingly, the amount in controversy exceeds $75,000.

AAA has established by a preponderance of the evidence that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. As such, Plaintiffs' MTR is **DENIED**.

## B. Motion to Dismiss

### 1. Fields's Standing

AAA argues that Plaintiff Fields lacks standing to assert individual claims against AAA regarding payment of the Certificate's Death Benefit, because Fields is neither a party to nor a

---

[2] Plaintiffs now allege that Fields "moved to Fontana, CA on September 1, 2024" and "is a citizen of California." (MTR at 7.) AAA argues that Fields fails to establish whether she intends to remain in California indefinitely and that her past pleadings and voter registration demonstrate that she is a Texas citizen. (MTR Opp. at 9-10.) Even if Fields is now a citizen of California, complete diversity still exists given that AAA is a citizen of Michigan and that Dunn was fraudulently joined.

named beneficiary of the Certificate.  (MTD at 7.)  "[O]nly parties to the insurance contract or named beneficiaries have standing to enforce the contract or to recover extra-contractual damages for wrongful withholding of benefits."  Grant v. State Farm Life Ins. Co., 2007 WL 3119738, at *4 (E.D. Cal. Oct. 23, 2007); see also Wexler v. California Fair Plan Ass'n, 63 Cal. App. 5th 55, 62 (2021), as modified on denial of reh'g (Apr. 19, 2021), as modified (Apr. 26, 2021) ("Only one with the right to sue an insurance company for contract damages for breach of the insurance policy can also sue the insurance company for tort damages for breach of the covenant of good faith.").

Fields admits, and the Certificate confirms, that she was not the Certificate's beneficiary and was not otherwise a party to the Certificate.  (FAC Compl. ¶ 7; Certificate at 23, 29.)  Plaintiff Fields lacks standing to individually assert the claims in the FAC against AAA Life.  Accordingly, the Court dismisses Fields's individual claims pursuant to Rule 12(b)(1).  See Grant, 2007 WL 3119738, at *4.

2. **The Texas Estate's Standing**

AAA argues that the Texas Estate's claims should be dismissed for lack of standing because the California Estate cannot represent itself pro se.  (MTD at 7-8.)

"[A]n administrator of [sic] estate may not represent the estate pro se if there are other beneficiaries or creditors of the estate. . . . Accordingly, an administrator proceeding pro se must demonstrate that they are the sole beneficiary of the estate and that there are no other beneficiaries or creditors to pursue a claim on behalf of an estate. [] Absent standing, the court must dismiss the action for a lack of subject matter jurisdiction."  Huberty v. Internal Revenue Serv., 2023 WL 36164, at *4 (E.D. Cal. Jan. 4, 2023) (citations omitted); see also Moore v. Nat'l City Mortg. Co., 2010 WL 2176456, at *6 (D. Haw. May 25, 2010) (granting a motion to dismiss for lack of standing against plaintiffs proceeding pro se as representatives of an estate); Estate of Tuck v. CF Real Estate Services, 2021 WL 2156184, at *1 n.1 (S.D. Cal. May 27, 2021) ("[Executor] cannot proceed pro se on behalf of the Plaintiff Estates unless he is the sole beneficial owner of the present claims asserted by the Plaintiff Estates.").  Moreover, the Court's Local Rules state that "[o]nly individuals may represent themselves pro se.  No organization or entity of any other kind . . . may appear in any action or proceeding unless represented by any attorney permitted to practice before this Court under L.R. 83-2.1."  L.R. 83-2.2.1.8.

Gina Fields is not the sole beneficiary of the Texas Estate.  The Judgment Declaring Heirship in the Texas Estate found both Gina Fields and Mericole Howard as heirs of the Texas Estate.  ("Judgment Declaring Heirship," MTD Ex. 3.)  As such, Gina Fields, proceeding pro se, cannot represent the Texas Estate in this lawsuit.  The Texas Estate's claims are **DISMISSED** for lack of standing.

Accordingly, the Court **GRANTS** the MTD in its entirety and **DISMISSES** the FAC.  Because the Court finds that Plaintiffs cannot cure the standing deficiencies by further

amendment, the dismissal is **WITH PREJUDICE**.  Because the FAC is dismissed pursuant to 12(b)(1), the Court need not consider AAA's 12(b)(6) arguments.

**C.  Motion for Leave to Amend**

While courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), such "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin, 59 F.3d at 845.  Amendment is futile if the court "determines that the pleading could not possibly be cured by the allegation of other facts."  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (quotations omitted); see also Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

Plaintiffs argue that the proposed second amended complaint ("Proposed SAC") applies Michigan law and "provides clarity" on Defendant Dunn. (Motion to Amend at 3-4.)  Having reviewed the Proposed SAC, the Court finds that it fails to change the Court's conclusion that Dunn was fraudulently joined and fails to establish Plaintiffs' standing to assert claims against AAA.  The Proposed SAC would be dismissed on the same basis as the FAC.  Accordingly, the Court finds the amendments futile and **DENIES** Plaintiffs' Motion to Amend.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the MTR (Dkt. Nos. 28, 29), **GRANTS** the MTD (Dkt. No. 5) and **DENIES** the Motion to Amend (Dkt. Nos. 49, 50).  The Clerk is directed to close the case.  The July 14, 2025 hearing is **VACATED**.

**IT IS SO ORDERED.**